## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BIGMOUTH LLC | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. _____ |
| v. | ) |
| | ) |
| KANGAROO MANUFACTURING, INC. | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

Now comes Plaintiff BigMouth LLC ("Plaintiff" or "BigMouth"), as and for its Complaint for Declaratory Judgment against Defendant Kangaroo Manufacturing, Inc. ("Defendant" or "Kangaroo") and alleges upon personal knowledge as to its own acts and as to events taking place in its presence, and upon information and belief as to all other facts, as follows:

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, under the laws of the United States concerning actions relating to copyrights, 28 U.S.C. §§ 1331, 1338 (a) and (b).

2. This Court has personal jurisdiction over Defendant because Defendant has transacted business within this District; Defendant regularly does or solicits business within this District; Defendant regularly and systematically directs electronic activity into this District with the manifest intent of engaging in business within this District, including the sale and/or offer for sale of certain products to Internet users within this District, as well as entry into contracts with residents of this District through the sale of items in online marketplaces.

1

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to this action occurred in this judicial district.

4. The Court has the power to declare the rights and obligations of the parties pursuant to 28 U.S.C. §§ 2201 & 2202 and Fed. R. Civ. P. 57.

## PARTIES

5. Plaintiff BigMouth LLC is a Connecticut limited liability company with its principal place of business in Glastonbury, Connecticut. BigMouth designs, manufactures, and sells a variety of lifestyle products, including the Giant Pineapple Pool Float (the "BigMouth Pineapple Pool Float") and the Giant Pizza Slice Pool Float (the "BigMouth Pizza Pool Float") (collectively, the "BigMouth Pool Floats"). BigMouth has been a leading innovator in this field since its first product launched in 2004. BigMouth sells products to consumers through retail outlets and on the Internet.

6. Defendant Kangaroo Manufacturing, Inc. is a Florida corporation with its principal place of business in Tempe, Arizona.

## FACTS GIVING RISE TO THIS ACTION

7. BigMouth and Kangaroo are competing manufacturers and distributors of pool floats and other inflatable products that are sold in retail outlets and online.

8. BigMouth uses, owns, and has registered several copyrights on the surface design and packaging of its products, including the BigMouth Pineapple Pool Float and BigMouth Pizza Pool Float, in the Copyright Catalog of the United States Copyright Office (collectively, the "BigMouth Copyrights"), including:

| Copyright | Reg. No. | Reg. Date | Type of Work |
|---|---|---|---|
| Giant Pineapple Pool Float | VA0001996685 | 2016-02-16 | Visual Material |

| Giant Pineapple Pool Float - Packaging | VA0001989574 | 2016-02-04 | Visual Material |
| Pizza Slice Pool Float - Packaging | VA0001967442 | 2015-08-18 | Visual Material |

9.  The Registration Numbers for the above BigMouth Copyrights were duly and legally issued by the United States Copyright Office to BigMouth, the owner of the copyrights. BigMouth's registrations are in full force and effect.

10.  BigMouth does not permit unauthorized parties to access, copy, mirror, or in any way use its copyrighted materials, including the BigMouth Copyrights.

11.  Kangaroo sells products, including, but not limited to, the Kangaroo 61" Pineapple Pool Float (the "Kangaroo Pineapple Pool Float") and the Kangaroo 72" Pizza Pool Float (the "Kangaroo Pizza Pool Float") (collectively, the "Kangaroo Pool Floats").





12.     In May of 2017, BigMouth reported to Amazon.com and eBay.com that the Kangaroo Pool Floats infringed the BigMouth Copyrights and requested that the Kangaroo Pool Float product listings be removed (the "Take-Down Notices").

13.     Upon receiving the Take-Down Notices and in compliance with the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512, Amazon.com and eBay.com removed Kangaroo's product listings for the Kangaroo Pool Floats.

14.     On June 5, 2017, Kangaroo filed a Complaint in the United States District Court for the Central District of California - Western Division, CA No. 2:17-cv-04165 (the "Action"), against BigMouth alleging misrepresentation of copyright infringement pursuant to 17 U.S.C. § 512(f)(1), intentional interference with prospective economic advantage, and unfair competition, seeking injunctive relief.

15.     Specifically, Kangaroo alleged that BigMouth sent the Take-Down Notices in violation of 17 U.S.C. § 512(f)(1), because according to it the Kangaroo Pool Floats "do not infringe any copyrights being asserted by BigMouth."  Kangaroo also alleged that BigMouth "knew at the time it sent the Take-Down Notices to Amazon and eBay that the representations in

the Take-Down Notices that the Kangaroo Pool Floats infringed any of the BigMouth Pool Floats were false."

16. On July 27, 2017, Bigmouth filed a Motion to Dismiss or Transfer the Action, arguing that the Court lacked personal jurisdiction over BigMouth in the Central District of California, and that alternatively, the Action should be transferred to the District of Connecticut pursuant to 28 U.S.C. § 1404(a). In response, Kangaroo stated that it intended to dismiss its Complaint in the Action without prejudice.

17. Despite its intent to dismiss its Complaint in the Action, Kangaroo continues to believe that the merits of the dispute have not been resolved and that BigMouth's Take-Down Notices to Amazon.com and eBay.com were improper under 17 U.S.C. § 512(f)(1). However, Kangaroo has not stated how it intends to resolve the ongoing dispute given its intent to voluntarily dismiss the Complaint.

18. There is an actual justiciable controversy between BigMouth and Kangaroo as to whether BigMouth knowingly materially misrepresented that the Kangaroo Pool Floats infringe the BigMouth Copyrights by sending the Take-Down Notices, in violation of 17 U.S.C. § 512(f)(1).

19. BigMouth is reasonably at legal risk because of this unresolved dispute and is entitled to obtain judicial resolution of the dispute without having to wait for Kangaroo to commence an action against it.

## COUNT I
**(Request for Declaratory Judgment)**

20. BigMouth hereby realleges each and every allegation of the Complaint contained in the foregoing paragraphs as though fully set forth in this claim for relief.

21.     There is a controversy between BigMouth and Kangaroo concerning whether BigMouth knowingly materially misrepresented that the Kangaroo Pool Floats infringe the BigMouth Copyrights by sending the Take-Down Notices, in violation of 17 U.S.C. § 512(f)(1).

22.     BigMouth is reasonably at legal risk because of this unresolved dispute and is entitled to obtain judicial resolution of the dispute without having to wait for Kangaroo to commence an action against it.

23.     This Court has the power to declare whether Kangaroo has the right to bring an action against BigMouth for violation of 17 U.S.C. § 512(f)(1).

24.     BigMouth requests that this Court issue a judgment declaring that: (1) BigMouth did not knowingly materially misrepresent that the Kangaroo Pool Floats infringe the BigMouth Copyrights; and therefore (2) that Kangaroo does not have the right to bring an action against BigMouth for violation of 17 U.S.C. § 512(f)(1) based on BigMouth's sending of the Take-Down Notices.  BigMouth further brings an action for copyright infringement as to the Kangaroo Pineapple Pool Float.

## COUNT II
### (Copyright Infringement)

25.     BigMouth hereby realleges each and every allegation of the Complaint contained in the foregoing paragraphs as though fully set forth in this claim for relief.

26.     The product design and packaging of the Kangaroo Pineapple Pool Float contain images that infringe BigMouth's registered copyrights in the BigMouth Pineapple Pool Float, Registration Numbers VA0001996685 and VA0001989574**.**

27.     A comparison of the product design and packaging of the Kangaroo Pineapple Pool Float to BigMouth's registered copyrights in the BigMouth Pineapple Pool Float,

Registration Numbers VA0001996685 and VA0001989574, reveals that Kangaroo is using BigMouth's copyrighted images or derivatives thereof without authorization.

28. By engaging in unauthorized reproduction and derivative use of BigMouth's registered copyrights in the BigMouth Pineapple Pool Float, Registration Numbers VA0001996685 and VA0001989574, Kangaroo has infringed the BigMouth's copyrights in violation of the Copyright Act, 17 U.S.C. § 501.

29. Kangaroo's conduct has caused and will continue to cause irreparable injury to BigMouth, for which BigMouth has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff BigMouth respectfully requests that this Court:

A. Declare that BigMouth did not knowingly materially misrepresent that the Kangaroo Pool Floats infringe the BigMouth Copyrights;

B. Declare that Kangaroo does not have the right to bring an action against BigMouth for violation of 17 U.S.C. § 512 based on BigMouth's sending of the Take-Down Notices;

C. Preliminarily and permanently enjoin Kangaroo, including all partners, officers, agents, servants, employees, attorneys, and all those persons and entities in active concert or participation with it, from infringing BigMouth's copyrights in the advertising of any products manufactured, marketed, or sold by Kangaroo, including but not limited to the Kangaroo Pineapple Pool Float described herein;

D. Enter an order that Kangaroo's copyright infringement was willful;

E. Direct Kangaroo to pay BigMouth the actual damages and profits realized by it due to its copyright infringement, pursuant to 17 U.S.C. § 504;

F. Alternatively, direct Kangaroo to pay BigMouth statutory damages in the amount of $150,000 for its willful copyright infringement;

G. Award BigMouth its attorneys' fees and costs in prosecuting this action, pursuant to 17 U.S.C. § 505; and

H. Award BigMouth such other and further relief as the Court deems just and proper.

## JURY TRIAL CLAIM

Plaintiff BigMouth LLC demands trial by jury as to all issues so triable of right by a jury.

Date:  August 1, 2017

Respectfully submitted,

*/s/ Sean Higgins*
Sean R. Higgins (ct28279)
**K&L GATES LLP**
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Telephone:  617.261.3100
Facsimile:  617.261.3175
E-Mail:  sean.higgins@klgates.com

*COUNSEL FOR BIGMOUTH LLC*